## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

Edwin Milton and
Rashad Fraierson,
    Plaintiffs,

v.                          1:09cv1074 (CMH/IDD)

Miss Burwell, et al.,
    Defendants.

FILED OCT 15 2009 — CLERK, U.S. DISTRICT COURT, ALEXANDRIA, VIRGINIA

### MEMORANDUM OPINION AND ORDER

Edwin Milton and Rashad Fraierson, Virginia inmates proceeding pro se, have filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that their constitutional rights are being violated at the Baskerville Correctional Center ("BCC") because they were denied outside work assignments on the basis of prior convictions of violent crimes. After reviewing plaintiffs' complaint, the claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] In addition, plaintiffs have filed motions for appointment of counsel and for certification of a class pursuant to Federal Rule of Procedure 23, both of which will be denied as moot.

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

## I.

Plaintiffs allege that they were informed by treatment counselors at BCC that their prior convictions of robbery and malicious wounding made them permanently ineligible for road-gang assignment, work center, green-gate status or work release. Both plaintiffs pursued grievances to the institutional warden and then to the Regional Director of the Virginia Department of Corrections, alleging that their preclusion from outside work assignments constituted discrimination and violated their right to equal protection, but the grievances were returned as unfounded. Plaintiffs seek injunctive relief in the form of an order directing that they be allowed to participate in outside work assignments.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to

raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." U.S. ex rel. Constructors, Inc, 313 F. Supp. 2d.at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

It is well established that prisoners have no constitutional right to job opportunities while incarcerated. Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980); Awalt v. Whalen, 809 F. Supp. 414, 416-17 (E.D. Va. 1992) (prisoners do not have a constitutionally-protected right to work while incarcerated, or to remain in a particular job once assigned). A prisoner has no constitutionally-protected liberty interest in any particular job assignment or work detail. Johnson v. Knable, 862 F.2d 314, 1988 WL 119136, **1 (4th Cir. 1988) (table) ("[P]rison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate."); Olim, 461 U.S. at 250. "[T]he classifications and work assignments of prisoners ... are matters of prison administration, within the discretion of the prison administrators...." Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert. denied, 435 U.S. 1009 (1978); accord, Mitchell v. Murray, 856 F. Supp. 289, 293 (E.D. Va. 1994). Therefore, prisoners'

work entitlement can be restricted by rules stemming from valid penological concerns such as security and order. Bulgar v. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995).

Here, taking plaintiff's allegations as true, it is apparent that an institutional policy prohibiting inmates who have been convicted of violent crimes from participating in particular work assignments, especially those such as road-gang assignment and work release, would promote legitimate penological concerns. Assuming as they allege that plaintiffs lost work assignments as the result of such a policy, they can state no claim for violation of their constitutional rights stemming from such a circumstance. See Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991) (removing a prisoner from a job does not rise to the level of cruel and unusual punishment).

To the extent that plaintiffs allege that their right to equal protection was violated by the prison policy they challenge, the Equal Protection Clause of the Fourteenth Amendment protects against arbitrary classifications by state actors. See U.S. Const. amend. XIV, § 1. To bring an equal protection claim, a prisoner must plead sufficient facts to make a threshold showing "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). Only after satisfying this threshold requirement will the Court determine whether the disparate treatment at issue was justified. Id. at 731. "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Morrison, 239 F.3d at 654.

Here, plaintiffs allege only in the most conclusory fashion that defendants violated their right to equal protection by "establishing a subclass of inmates [with] the opportunity for road-gang,

green-gate assignment, work center and work release placement, compared to denying other inmates with the same or similar criminal records the opportunity to continue in their treatment programing." Plaintiffs fail to specify who the other inmates are who allegedly have been placed in the work assignments plaintiffs desire, nor do they provide meaningful detail to demonstrate that these other prisoners are similarly situated or that the allegedly disparate treatment was the result of discriminatory intent. In short, no threshold showing of an equal protection violation has been made. Cf. Veney, 293 F.3d at 730-31.

Moreover, when the exhibits attached to plaintiffs' complaint are considered, as they appropriately may be, U.S. ex rel. Constructors, Inc, 313 F. Supp. 2d.at 596, they contradict plaintiffs' characterization of the work assignments at BCC as being made in a discriminatory manner. The warden responded to plaintiff Milton's Level I grievance by explaining that each inmate at BCC is evaluated individually for work center or work release placement based on his criminal history and current offenses. Plaintiff Milton was deemed ineligible for such placement pursuant to the eligibility criteria set out at OP 830.5 due to his 1988 conviction of robbery in Pennsylvania, since "offenders who have an offense history of Robbery are not eligible for work release." Similarly, in response to Milton's Level II grievance, the Regional Director stated that he "found [Milton] to be ineligible for the work center and work release program based on [his] prior robbery conviction." Since these attached exhibits prevail over plaintiff's bare allegations in the complaint, id., plaintiffs' assertion that their denials of outside work assignments constituted an equal protection violation fails to state a claim for which relief can be granted.

## IV.

The fact that this complaint is subject to dismissal under § 1915A renders plaintiffs'

motions for the appointment of counsel and for class certification moot. Moreover, were this action to proceed, class certification would be inappropriate. Pursuant to Rule 23, one or more members of a class may sue as representative parties on behalf of all class members only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The competence of a pro se plaintiff is too limited to allow him to represent the rights of others. Covington v. Allsbrook, 636 F.2d 63, 64 (4th Cir. 1980). Nor do plaintiffs' allegations show that the proposed class would fall within any of the categories enumerated in Fed. R. Civ. P. 23(b). Therefore, were this case to continue, plaintiffs' request for certification of a class under Rule 23 would be denied, Gunnells Healthplan Services, Inc., 348 F.3d 417 (4th Cir. 2003), the plaintiffs' cases would be severed, and each plaintiff would be required to maintain a separate civil action of his own. However, as the claim alleged is subject to dismissal under § 1915A, it is unnecessary to direct the clerk to take such steps at this juncture.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiffs are advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect their abilities to proceed in forma pauperis in future civil actions; and it is further

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act as to both plaintiffs; and it is further

ORDERED that plaintiffs' requests to proceed in forma pauperis (Docket ## 2 - 3) be and are DENIED as moot; and it is further

ORDERED that plaintiffs' Motion to Appoint Counsel ( Docket # 4) be and is DENIED as moot; and it is further

ORDERED that plaintiffs' Motion for Certification ( Docket # 5) be and is DENIED as moot.

To appeal, plaintiffs must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to both plaintiffs and to close this civil case.

Entered this _15th_ day of _October_ 2009.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia